UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

THOMAS J. ALFES,

       Debtor.

_____/

                                                        CIVIL CASE NO. 10-14610
                                                        HON. MARIANNE O. BATTANI

THOMAS J. ALFES,

       Appellant,

v.

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

       Appellee.

_____/

**OPINION AND ORDER AFFIRMING THE BANKRUPTCY
COURT'S TRIAL ORDER AND JUDGMENT**

      Before the Court is Thomas J. Alfes' appeal of the bankruptcy court's Opinion Regarding Cross-Motions for Summary Judgment, which granted Educational Credit Management Corporation's ("ECMC") motion and denied Alfes' motion. The Court has reviewed the relevant filings, and finds oral argument would not aid in the resolution of this motion. See E.D. Mich. LR 7.1(f)(2). For the reasons the follow, the judgment is **AFFIRMED**.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Debtor/Appellant Thomas J. Alfes is employed as an attorney. From 1982 through 1997, he took twenty loans to finance his education. All of the loans were funded in whole or in part by the Federal Family Education Loan Program ("FFELP").

Alfes consolidated his student loan debt three times, in 1998, 2001, and 2004. SunTrust Bank, Inc. was the lender on the Note resulting from the third and final consolidation; Pennsylvania Higher Education Assistance Agency (PHEAA) was the guarantor, insuring the Note under the FFELP. Appellee ECMC is a private nonprofit corporation created under the direction of the U.S. Department of Education. It provides specialized guarantor services pursuant to the FFELP, including the transfer of title to certain student loan accounts on which the student loan borrower has filed a bankruptcy petition.

On May 9, 2005, approximately seven months after his final consolidation, Alfes filed a petition for relief under Chapter 7 of the Bankruptcy Code. His loan obligation to SunTrust Bank, Inc. was included in his Chapter 7 Schedules.

On August 22, 2005, Alfes filed an Adversary Proceeding seeking to discharge the note, naming SunTrust Bank, SunTrust Bank, Inc. (hereinafter collectively "Sun Trust Bank") and the Note's guarantor PHEAA as defendants. (Tr. 196). Alfes maintained that because the Note was consolidated it no longer constituted an "educational loan" and, consequently, fell outside the scope of 11 U.S.C. § 523(a)(8).[1]

---

[1] Section 523(a)(8) creates exceptions to the general discharge of a debtor's financial obligations in bankruptcy under 11 U.S.C. § 727. Under § 523(a)(8)(A), an individual debtor is not discharged from a debt for "(i) an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made

The bankruptcy court entered a default judgment against SunTrust Bank on November 18, 2005. It entered a default judgment against PHEAA on December 9, 2005, and on January 4, 2006, the bankruptcy court closed the bankruptcy case.

The adversary proceeding was reopened on January 23, 2006, and the bankruptcy court set aside the default judgment against PHEAA and allowed ECMC to substitute for PHEAA. The parties then filed cross-motions, and on April 17, 2006, the bankruptcy court entered an order denying Alfes' motion for summary judgment and granting ECMC's motion to dismiss. (Tr. 462). The bankruptcy court rejected Alfes' position that his consolidation loan was not governed by 11 U.S.C. § 523(a)(8), which exempts educational loans from discharge. It adopted the reasoning articulated in In re Flint, 238 BR 676 (E.D. Mich. 1999). Specifically, it held that the holder of consolidated student loan notes was an educational lender for purposes of 11 U.S.C. § 523(a)(8)). (Tr. 478). Alfes did not appeal the decision.

ECMC subsequently transferred the Note back to Sun Trust Bank, and its servicer, AES, resumed servicing the Note on SunTrust Bank's behalf. Alfes was on unemployment deferment from August 13, 2006, through February 10, 2008. Throughout 2006 and 2007, Alfes took the position that the Note was discharged. On December 18, 2008, Alfes filed a motion to enforce the discharge injunction. His

---

under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship or stipend," unless excepting such debt from discharge would impose undue hardship on the debtor and the debtor's dependents."

3

position was that AES was bound by the default judgment against SunTrust Bank and therefore enjoined from collection efforts on the Note.

On December 22, 2008, the Note was transferred to ECMC for the purpose of defending. On April 22, 2009, the bankruptcy court held that SunTrust Bank had the same defense as PHEAA, that is that the consolidated loans are nondischargeable, educational loans and outside the scope of § 523(a)(8). The bankruptcy court concluded that SunTrust Bank should be afforded an opportunity to move to have the default judgment set aside; however, it subsequently denied SunTrust Bank's motion. The bankruptcy court set a December 15, 2009, hearing date for damages for SunTrust Bank's violation of the discharge injunction. The parties informed the bankruptcy court that they were attempting to settle the issue of damages, and in April 2010, they entered into a confidential agreement, settling the issue, and agreeing that ECMC could bring the issue of whether Alfes' student loans were discharged.

Thereafter, on May 17, 2010, ECMC filed a complaint for a declaratory judgment regarding the nondischargeability of the student loans. ECMC filed an amended complaint the next day. Alfes moved to dismiss the amended complaint because it was filed beyond the deadline agreed to in the parties' settlement. The bankruptcy court denied Alfes' motion to dismiss the adversary proceedings and framed the issue to be briefed by the parties as follows:

> Should judgment be entered for the debtor because of the res judicata effect of the default judgment or should judgment be entered for ECMC because of the res judicata effect of the Court's dismissal of the complaint previously as against ECMC.

(Tr. 597).

4

In summarizing the parties' positions on the merits, the bankruptcy court noted:

> "[t]he default judgment against SunTrust holds that the debt is not a student loan debt and is accordingly, subject to the general discharge provision. The judgment that ECMC obtained against Alfes holds that the note is in fact a student loan debt and is accordingly, nondischargeable absent a finding of undue hardship. Each party asserts that "its" judgment is binding.

(Tr. 729).

The bankruptcy court agreed with ECMC's position, and Alfes filed his appeal.

## II. STANDARD OF REVIEW

In a bankruptcy proceeding, the bankruptcy judge is the finder of fact, In re Isaacman, 26 F.3d 629, 631 (6th Cir. 1994), and factual findings are reviewed for clear error. Id. Accordingly, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." FED. R. BANKR. P. 8013; In re Baker & Getty Fin. Servs., 106 F.3d 1255, 1259 (6th Cir. 1997) (noting that the appellant must demonstrate "the most cogent evidence of a mistake of justice"). Conclusions of law are reviewed de novo. In re Zaptocky, 250 F.3d 1020, 1023 (6th Cir. 2001).

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. 28 U.S.C. § 158(a); FED. R. BANKR. P. 8013.

**III.   ANALYSIS**

   **A. Does the Settlement Agreement Bar the First Amended Complaint?**

The parties dispute whether the terms of their settlement agreement barred the amended complaint. Pursuant to the settlement agreement:

> . . .SunTrust, ECMC, and their agents agree that any claim against Debtor in connection with the student loans, regardless of the theory of liability and regardless of whether such claim arises under the promissory notes, guaranty or otherwise, shall be brought on or before May 17, 2010. This provision shall not be construed to waive or extend any limitation or appeal period or any defense related thereto.

(Settlement Agreement, p.3, ¶ 7).

There is no dispute that the initial complaint, filed May 17, 2010, alleged that ECMC purchased the Note, an allegation that Alfes argues renders ECMC an assignee and ordinary successor in interest to SunTrust Bank and thus bound by the judgment. In contrast, the amended complaint, filed May 18, 2010, added an allegation that ECMC paid the guaranty making it a guarantor, an allegation which garners ECMC separate and independent rights. According to Alfes, the additional allegation advances a different theory of liability, not merely a clarification, and the bankruptcy court should not have allowed the amendment, which significantly changed the focus of ECMC's position and added a claim after the date set forth in the settlement agreement.

At oral argument, ECMC asserted that the complaint inaccurately stated that PHEAA purchased the Note from SunTrust Bank, when in fact, it paid the guaranty. (Tr. at 590). It characterized the amendment as a clarification.

It is undisputed that guarantor contingency claims are different than lender claims, and, therefore, distinct and separately enforceable under the Note. The issue is

whether the bankruptcy court erred in permitting ECMC to advance its guarantor claim in light of the language in the settlement agreement, which required every claim, regardless of the theory and whether arising under the Note or the guaranty, to be brought by the bar date.

Alfes argues that the bankruptcy court lacked authority to allow an amended complaint that was filed one day past the deadline. He relies on In re Pendergrass, 376 BR 473 (E. D. Pa. 2007) to support his position. The issue there was whether the bankruptcy court could extend the deadline imposed under Rule 4007, which reads "A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The Pendergrass Court concluded that the language in the Rule specified a clear deadline. Further, the Rule included no language even hinting that leniency may be allowed. Therefore, the result, however harsh, could not be softened on equitable grounds. Id. at 478. Accord Barnes v. Leet, 274 B.R. 695 (6th Cir. 2002) (holding that the court could not extend a deadline set forth in the bankruptcy rules when the request came after the deadline expired).

The Court finds Pendergrass distinguishable, and Alfes has no authority to support the extension of the rational in Pendergrass to the circumstances here. First and foremost, the bankruptcy rules do not govern the outcome, the parties' agreement does. Secondly, ECMC complied with the contractual deadline in the agreement; it merely used the rules of procedure to amend its complaint the following day.

In considering whether the bankruptcy court abused its discretion when it allowed ECMC to amend its complaint, the Court recognizes that the federal rules of civil procedure apply in adversary proceedings. See FED. R. BANKR. P. 7015 (noting that FED. R. CIV. P. 15 applies in adversary proceedings). Under Federal Rule of Civil Procedure 15, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003). Where the time limit for filing a new claim has passed, Rule 15(c) allows the amended pleading to relate back to the date of the original complaint, provided the claim arises out of the same conduct, transaction or occurrence. That is precisely the circumstances presented to the bankruptcy court.

Moreover, in Disch v. Rasmussen, 417 F.3d 769, 476-77 (7th Cir. 2005), the Seventh Circuit held that the bankruptcy court did not abuse its discretion by allowing a creditor to amend his timely-filed adversary complaint. The creditor filed an adversary complaint prior to the expiration of the sixty-day deadline, and after the deadline passed, the creditor amended his adversary complaint, raising a new theory. Id. at 773–777.

In sum, ECMC properly availed itself of the rule. Here, without question Alfes knew the bases of ECMC's claims and is not prejudiced by the amendment. Accordingly, the bankruptcy court did not abuse its discretion in allowing the amendment. Accordingly, the Court directs its attention to the issue of res judicata.

**B. Applicability of Res Judicata**

When he argued before the bankruptcy court, Alfes took the position that his liability under the Note was discharged by prior orders. He asked the bankruptcy court to dismiss the adversary proceedings because the judgment against SunTrust Bank precluded the Second Adversary Proceeding (SAP). The bankruptcy court rejected Alfes' request court to bind ECMC based on a default judgment against a coparty in litigation that ECMC defended successfully. Instead, the bankruptcy court found that all of the elements of res judicata were met relative to the order dismissing the first adversary complaint for failure to state a claim as a matter of law. (Tr. 730). This Court agrees.

In Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 577-78 (6th Cir. 2008) (citations omitted), the appellate court articulated the elements that must be met to bar a claim based on prior litigation:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

Accord Browning v. Levy, 283 F.3d 761, 771-72 (6th Cir. 2002) (quoting Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 880 (6th Cir.1997)).

Although a default was entered as to SunTrust Bank, the record is clear: the bankruptcy court dismissed with prejudice Alfes' 2005 Adversary Proceedings and set aside the default against the guarantor of the loan, PHEAA--ECMC's predecessor in interest. Consequently, Alfes' reliance on the default judgment against the lender, SunTrust Bank is misplaced. ECMC, as the successor in interest to PHEAA,

successfully litigated the 2005 Adversary Proceedings on the merits. Alfes never appealed the dismissal order, which was identified as a final order, "resolving all claims in the adversary proceeding." (Tr. 462). Accordingly, this Court agrees with the bankruptcy court that all of the elements necessary to bar Alfes' claim that the debt is discharged as to ECMC have been met. ECMC successfully litigated Alfes' liability, and the time for Alfes' to challenge that final order has long since passed.

## IV.     CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the bankruptcy court's Trial Opinion and Judgment are **AFFIRMED.**

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: August 19, 2011

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt
        Case Manager